UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Richard John Gersdorf, Jr.,                           BKY Case No. 18-43973-MER

        Debtor.

_____

Dem-Con Companies, LLC and
Dem-Con Dumpsters, LLC,                               ADV No. 19-04093-MER

        Plaintiff(s),

   -v.-

Richard John Gersdorf, Jr.,                           SECOND AMENDED SCHEDULING
                                                      ORDER AND ORDER FOR TRIAL
        Defendant.

Richard John Gersdorf, Jr.,

        Counter-Plaintiff,

   -v.-

Dem-Con Companies, LLC and
Dem-Con Dumpsters, LLC,

        Counter-Defendant(s).

**IT IS ORDERED:** The previous scheduling orders issued in this case dated May 3, 2019 [ECF 9] and as revised on September 9, 2019 [ECF 12] are hereby revised as follows:

    1.    All discovery in this matter shall be concluded no later **October 18, 2019**.

    2.    All dispositive or nondispositive motions, including those relating to discovery, shall be filed on or before **January 17, 2020.**

    3.    This proceeding is set for trial in Courtroom 7 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, **April 2, 2020, at 9:00a.m.**

    4.    On or before **March 19, 2020**, all parties are expected to confer and enter into stipulations as to the following:

    a)    Waiver of objections to the admissibility of exhibits on the grounds of lack of identification or foundation where the identification or foundation is not to be contested;

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *10/18/2019*
Lori Vosejpka, Clerk, by JS

    b)    Waiver of objections to the admissibility of depositions proposed to be offered in evidence, if any; and

    c)    Facts which are not disputed. This stipulation shall be reduced to writing in a form which can be adopted by the Court as Findings of Fact.

**At this conference, counsel shall exchange copies of each exhibit intended to be introduced and relied upon at trial. The exhibits shall be pre-marked as required in paragraph 5(d) of this order.**

    5. *Use of Courtroom Technology*: Counsel must use the evidence presentation system available in the courtroom when examining witnesses and introducing documentary evidence.

    **Training is required for all parties who wish to present evidence or testimony at the trial. Please contact Susan Newsom, at 612-664-5211, on or before March 19, 2020, to schedule training.**

    6. No later than **March 23, 2020**, the parties shall prepare, serve and file the following:

    a)    The stipulations regarding admissibility of exhibits and depositions;

    b)    The stipulation of undisputed facts;

    c)    A final witness list containing the names, addresses and a brief summary of the testimony of each witness the party will call. A person not shown on this list may not testify during the party's case-in-chief;

    d)    A final exhibit list containing a description of all exhibits to be offered at trial. Exhibits not listed on this list may not be offered during the party's case-in-chief. *The plaintiff shall designate all exhibits by number and the defendant shall designate all exhibits by letter;*

    e)    A list of depositions to be offered at trial;

    f)    A brief containing a complete chronology of the party's version of the facts and a complete statement of the law on which the party relies;

    g)    Proposed Findings of Fact and Conclusions of Law; and

    h)    **<u>On or before March 23, 2020, counsel shall submit to my court recorder, Susan Newsom, at 300 S. 4th Street, Suite 301, Minneapolis, MN 55415, a full set of electronic exhibits.</u>**

    i. **Acceptable media**: The preferred medium for submission of electronic exhibits is a CD/ROM, but flash drives are also acceptable. Media should be checked for viruses before submission to the Court.

    ii. **Document format**: Documentary evidence shall be submitted in .pdf format, with the exception of exhibits originally generated in Excel format, which shall be submitted in Excel format. Photographs shall be submitted in .pdf format at a resolution of 300 dpi.

    iii. **Naming exhibits**: Electronic exhibits must be identified on the flash drive or CD as required in Term 6.d. above, with the submitting party's full name or abbreviated name added after the number or letter of the exhibit. Exhibit names should clearly reflect the content of the exhibit and include the date the document was signed or created. Combining exhibits in a single .pdf is not permitted.

    For example:

    1-ABC CORP-Amended Petition-010115.pdf
    2-ABC CORP-Deposition transcript of Mr. X-020715.pdf

    A-SMITH-Federal Tax Returns-2015.pdf
    B-SMITH-Email from Mr. X to Ms. Y-032215.pdf

    Counsel should ***not*** add the exhibit names to the pdf versions of the electronic exhibits themselves; these names are solely for use in identifying the documents on the CD or flashdrive presented to the court.

7. Unless the parties agree otherwise by written stipulation, Fed. R. Civ. P. 26(a)(1), (a)(2), (a)(3) and (f), do not apply in this adversary proceeding.

8. No scheduling or pre-trial conference shall be held in this matter unless requested in writing by counsel for any party. Any request for such conference shall state the reasons therefor, and a copy must be provided to counsel for all other parties to this proceeding.

9. This order is issued without prior consultation with counsel for any party. Accordingly, if the dates fixed herein present an undue burden on counsel or any party to this proceeding, counsel shall so inform the Court by way of a written request to alter such dates. Such written request shall state:

    a. The reasons for any extension of time;
    b. That counsel has conferred with counsel to all other parties to this proceeding regarding any proposed extension; and
    c. The outcome of such conference.

A copy of any such request must be provided to counsel for all other parties to this proceeding.

10. Counsel should understand that, except as altered by this Court, after proper request, dates fixed hereby are mandatory. Deadlines shall not be extended except for good cause. No motion shall be heard unless filed prior to the expiration of the deadline set. The

Court reserves the right to act upon such motions without a hearing, if circumstances so mandate.

      11.    <u>Private Information</u>.  To avoid the inadvertent disclosure of private data and other sensitive information, counsel and parties unrepresented by counsel shall refrain from eliciting or mentioning during trial, or including in exhibits, or any other submissions required by this order, any of the following restricted information, except in the manner noted:

      a)    Social Security numbers: use only the last four digits;
      b)    Financial account numbers: use only the last four digits;
      c)    Names of minor children: use only initials;
      d)    Dates of birth: use only year of birth; and
      e)    Home addresses of witnesses:  use only city and state of residence.

If restricted information is mentioned in court, counsel or any party may ask to have it stricken from the record or partially redacted to conform to the judiciary's privacy policy.

      12.    The parties shall discuss settlement and report to the Court on the status of these discussions. Upon settlement, each party has an independent obligation to notify the calendar clerk, within 24 hours, that a settlement agreement has been reached.

      13.    Failure to timely comply with this order may result in the imposition of sanctions under Fed. R. Bankr. P. 7016 and Fed. R. Civ. P. 16(f).

Dated:  *October 18, 2019*

                                      */e/ Michael E. Ridgway*
                                      _____
                                      Michael E. Ridgway
                                      Chief United States Bankruptcy Judge